| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | IN THE LAKE SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM FOUR |
| **COUNTY OF LAKE** | ) | SITTING AT GARY, INDIANA |

ROBERT COPPAGE, and )
SHARON COPPAGE, )
                                        )
      Plaintiffs, )
                                        )
  v. )
                                        ) CAUSE NO.: 45D04-1812-CT-875
CRANE 1 SERVICES, INC., ) **JURY DEMANDED**
RUDOLPH VASQUEZ, )
IAN BOLTZE, TIMOTHY BOYD, )
TIMOTHY A. BOYD, )
MATTHEW GENNRICH, )
EDMUND WOODWARD, and )
T&M EQUIPMENT COMPANY, INC., )
an Indiana domestic corporation, )
                                        )
      Defendants. )

## FIRST AMENDED COMPLAINT

*COUNT I -CRANE 1 SERVICES, INC. AND ITS EMPLOYEES*

Come now Plaintiffs, ROBERT COPPAGE (hereinafter, "Robert") and SHARON COPPAGE (hereinafter, "Sharon") (hereinafter and collectively, "Plaintiffs"), by counsel, **KENNETH J. ALLEN LAW GROUP, LLC**, and for Count I of their Complaint against Defendants, CRANE 1 SERVICES, INC. (hereinafter, "Crane 1"), RUDOLPH VASQUEZ (hereinafter, "Vasquez"), IAN BOLTZE (hereinafter, "Boltze"), TIMOTHY BOYD (hereinafter, "Boyd"), TIMOTHY A. BOYD, (hereinafter, "A. Boyd"), MATTHEW

EXHIBIT 2

GENNRICH (hereinafter, "Gennrich") EDMUND WOODWARD (hereinafter, "Woodward") (hereinafter and collectively, "Count I Defendants"), respectfully state:

1. At all times relevant herein, the chattels, acts and omissions upon which this action is based were located and/or occurred in Hammond, Lake County, Indiana.

2. At all relevant times herein, Robert and Sharon were and are citizens and residents of Illinois.

3. At all relevant times herein, Vasquez was and is a citizen and resident of the State of Indiana.

4. At all relevant times herein, Boltze was and is a citizen and resident of the State of Kentucky.

5. At all relevant times herein, Boyd was and is a citizen and resident of the State of Michigan.

6. At all relevant times herein, A. Boyd was an is a citizen and resident of the State of Michigan.

7. At all relevant times herein, Gennrich was and is a citizen and resident of the State of Michigan.

8. At all relevant times herein, Woodward was and is a citizen and resident of the State of Indiana.

9. At all relevant times herein, Crane 1 was and is a corporation engaged in, *inter alia*, the modification, retrofitting, sales, service, maintenance, inspection, repair and

EXHIBIT 2

certification of overhead cranes and crane remote controls along with component parts throughout the State of Indiana, including Lake County, Indiana.

10. At all relevant times herein, Crane 1 and its employees, Vasquez, Woodward, Boltze, and Boyd, engaged in the modification, retrofitting, sale, service, maintenance, inspection, repair and certification of the subject overhead crane and its remote control and component parts at Niagara LaSalle Steel's facility located at 1412 E. 150th Street, Hammond, Indiana (hereinafter, "Niagara LaSalle") to ensure the crane and remote control were in a safe, code compliant and proper working condition and could properly and safely be used by employees of Niagara LaSalle and others.

11. At all relevant times herein, Woodward was the Crane 1 employee that was responsible for assigning, training, supervising, overseeing and managing Crane 1's crews engaged in the modification, retrofitting, sale, service, maintenance, inspection, repair and certification of the subject overhead crane and its remote control and component parts to ensure the crane and remote control were in a safe, code compliant and proper working condition and could properly and safely be used by employees of Niagara LaSalle and others.

12. At all relevant times herein, Robert was an employee of Niagara LaSalle and a foreseeable user of the subject overhead crane and remote control, and in the class of persons the Count I Defendants should have reasonably foreseen as being subject to harm by the Count I Defendants' negligent, grossly negligent, reckless, willful, and/or

EXHIBIT 2

wanton actions and/or omissions relating to the Count I Defendants' modification, retrofit, sale, service, maintenance, inspection, repair and certification of the subject overhead crane and its remote control, and assigning, training, supervising, overseeing and managing its crews regarding the same.

13. The Count I Defendants owed Robert, as well as similarly situated individuals, a duty to use reasonable care and to refrain from negligent, grossly negligent, reckless, willful, and wanton conduct in the modification, retrofitting, sales, service, maintenance, inspection, repair and certification of the subject overhead crane and its remote control and the component parts of both at Niagara LaSalle Steel's plant; in assigning, training, supervising, overseeing and managing its crews regarding the same; and to otherwise act as a reasonable entity/person would under similar circumstances.

14. On and/or before January 12, 2017, the Count I Defendants breached the foregoing duties and were negligent, grossly negligent, reckless, willful, and/or wanton.

15. As a direct and proximate result of the Count I Defendants' negligence, gross negligence, recklessness, willfulness, and/or wantonness, Robert was severely and permanently injured and paralyzed after being crushed by the subject overhead crane and/or its load.

16. As a direct and proximate result of the occurrence and the Count I Defendants' negligence, gross negligence, recklessness, willfulness, and/or wantonness, Robert sustained permanent and severe personal injuries; incurred and will incur

EXHIBIT 2

ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, emotional distress, fright, humiliation, disability, loss of household services, disfigurement, partial paraplegia and loss of enjoyment of life, lost wages, loss of time, impairment of earnings capacity, and other injuries and damages of a personal and pecuniary nature.

17. At all times relevant herein, Robert and Sharon were husband and wife, respectively.

18. As a direct and proximate result of the Count I Defendants' negligence, gross negligence, recklessness, willfulness, and/or wantonness, and Robert's proximately resulting injuries, Sharon has been deprived of a portion of Robert's love, companionship, consortium, and/or services which he had ably provided prior to January 12, 2017.

WHEREFORE, Plaintiffs, ROBERT COPPAGE and SHARON COPPAGE, demand judgment in their favor and against Defendants, CRANE 1 SERVICES, INC., RUDOLPH VASQUEZ, IAN BOLTZE, TIMOTHY BOYD, TIMOTHY A. BOYD, MATTHEW GENNRICH, and EDMUND WOODWARD, for compensatory and punitive damages, for the costs of this action, for prejudgment interest, and for all further relief that is just and proper in the premises.

### *COUNT II- T&M EQUIPMENT COMPANY, INC.*

Come now Plaintiffs, ROBERT COPPAGE (hereinafter, "Robert") and SHARON COPPAGE (hereinafter, "Sharon") (hereinafter and collectively, "Plaintiffs"), by counsel,

EXHIBIT 2

**KENNETH J. ALLEN LAW GROUP, LLC**, and for Count II of their Complaint against Defendant, T&M EQUIPMENT COMPANY, INC. (hereinafter, "T&M Equipment") state:

1. At all times relevant herein, the chattels, acts and omissions upon which this action is based were located and/or occurred in Hammond, Lake County, Indiana.

2. At all relevant times herein, Robert and Sharon were and are citizens and residents of Illinois.

3. At all relevant times herein, T&M Equipment was and is an Indiana domestic corporation engaged in, *inter alia*, the modification, retrofitting, sales, service, maintenance, inspection, repair and certification of overhead cranes and crane remote controls along with component parts throughout the State of Indiana, including Lake County, Indiana.

4. At all relevant times herein, T&M Equipment engaged in the modification, retrofitting, sale, service, maintenance, inspection, repair and certification of the subject overhead crane and its remote control and component parts at Niagara LaSalle Steel's facility located at 1412 E. 150th Street, Hammond, Indiana (hereinafter, "Niagara LaSalle") to ensure the crane and remote control were in a safe, code compliant and proper working condition and could properly and safely be used by employees of Niagara LaSalle and others.

5. At all relevant times herein, Robert was an employee of Niagara LaSalle and a foreseeable user of the subject overhead crane and remote control, and in the class

of persons T&M Equipment should have reasonably foreseen as being subject to harm by T&M Equipment's negligent, grossly negligent, reckless, willful, and/or wanton actions and/or omissions relating to T&M Equipment's modification, retrofit, sale, service, maintenance, inspection, repair and certification of the subject overhead crane and its remote control.

6. T&M Equipment owed Robert, as well as similarly situated individuals, a duty to use reasonable care and to refrain from negligent, grossly negligent, reckless, willful, and wanton conduct in the modification, retrofitting, sales, service, maintenance, inspection, repair and certification of the subject overhead crane and its remote control and the component parts of both at Niagara LaSalle Steel's plant; and to otherwise act as a reasonable entity/person would under similar circumstances.

7. The Count I Defendants have alleged that T&M Equipment was the entity that repaired, inspected and/or maintained the subject crane and remote during the relevant time period.

8. On and/or before January 12, 2017, T&M Equipment breached the foregoing duties and was negligent, grossly negligent, reckless, willful, and/or wanton.

9. As a direct and proximate result of T&M Equipment's negligence, gross negligence, recklessness, willfulness, and/or wantonness, Robert was severely and permanently injured and paralyzed after being crushed by the subject overhead crane and/or its load.

EXHIBIT 2

10. As a direct and proximate result of the occurrence and T&M Equipment's negligence, gross negligence, recklessness, willfulness, and/or wantonness, Robert sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, emotional distress, fright, humiliation, disability, loss of household services, disfigurement, partial paraplegia and loss of enjoyment of life, lost wages, loss of time, impairment of earnings capacity, and other injuries and damages of a personal and pecuniary nature.

11. At all times relevant herein, Robert and Sharon were husband and wife, respectively.

12. As a direct and proximate result of T&M Equipment's negligence, gross negligence, recklessness, willfulness, and/or wantonness, and Robert's proximately resulting injuries, Sharon has been deprived of a portion of Robert's love, companionship, consortium, and/or services which he had ably provided prior to January 12, 2017.

WHEREFORE, Plaintiffs, ROBERT COPPAGE and SHARON COPPAGE, demand judgment in their favor and against Defendant, T&M EQUIPMENT COMPANY, INC., for compensatory and punitive damages, for the costs of this action, for prejudgment interest, and for all further relief that is just and proper in the premises.

EXHIBIT 2

Respectfully submitted,

**KENNETH J. ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Chester L. Cameron, Jr.
_____
Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Chester L. Cameron, Jr. (31255-64)

## JURY DEMAND

Plaintiffs respectfully demand trial by jury on all counts of their First Amended Complaint.

Respectfully submitted,

**KENNETH J. ALLEN LAW GROUP, LLC**
Attorneys for Plaintiffs

/s/Chester L. Cameron, Jr.
_____
Kenneth J. Allen (3857-45)
Otto J. Shragal (25792-64)
Chester L. Cameron, Jr. (31255-64)

EXHIBIT 2

### CERTIFICATE OF SERVICE

     I certify that on the 3rd day of January, 2019, service of a true and complete copy of the above and foregoing First Amended Complaint was electronically filed with the Clerk of the Court using the Court's IEFS system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system or by depositing, on the 3rd day of January, 2019, a copy of the foregoing in U.S. Mail, postage prepaid, properly addressed to all counsel of record.

                                                    /s/ Chester L. Cameron, Jr.
                                                  Chester L. Cameron, Jr.



*Reply to Office Indicated*

☑ **ALLEN LAW BUILDING:**
1109 Glendale Boulevard
Valparaiso, IN 46383
219.465.6292

☐ **JOILET OFFICE:**
1000 Essington Road
Joliet, IL 60435
815.725.6292

☐ **MERRILLVILLE OFFICE:**
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ **ORLAND PARK OFFICE:**
15255 S. 94th Avenue
Orland Park, IL 60462
708.460.6292

☐ **INDIANAPOLIS OFFICE:**
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ **CHICAGO OFFICE:**
150 N. Michigan Avenue
Chicago, IL 60601
312.236.6292

www.kenallenlaw.com

**EXHIBIT 2**