UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRANE 1 HOLDCO, INC. and ) | |
| CRANE 1 SERVICES, INC., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:23-CV-205-PPS-JEM |
| ) | |
| CONTINENTAL INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Amended Motion for Leave to File Second Amended Complaint [DE 46], filed on October 2, 2023. Plaintiffs seek leave to file a second amended complaint to add additional causes of action against Chaucer Syndicate No. 1084 at Lloyd's, Aegis Syndicate No. 1225 at Lloyd's, Amlin Syndicate No. 2001 at Lloyd's, Atrium Syndicate No. 609 at Lloyd's, and Ark Syndicate No. 4020 at Lloyd's ("Lloyd's Defendants"). Lloyd's Defendants filed their response on November 8, 2023, and Plaintiffs filed their reply on November 20, 2023.

**I. Background**

Plaintiffs commenced this insurance coverage dispute on May 16, 2023, in Lake County, Indiana Superior Court; Defendants removed it to this court on June 21, 2023. Plaintiffs' original complaint sought declaratory judgment, damages, and attorneys' fees against Lloyd's Defendants, Continental Insurance Company, and a now-dismissed Defendant RSUI Indemnity Company. In response to Continental filing a motion to dismiss, Plaintiffs filed a first amended complaint on August 16, 2023.

**II. Standard of Review**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a

1

pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

When defendants argue that a complaint should not be amended because to do so would be futile, the Court relies on the Federal Rule of Civil Procedure 12(b)(6) standard to determine whether the amended complaint states a claim. *Sandy Point Dental, P.C. v. Cincinnati Ins. Co*., 20 F. 4th 327, 335 (7th Cir. 2021). To survive a Rule12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). In ruling on a motion to dismiss, a court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Twombly*, 550 U.S. at 555-56; *Tamayo*, 526

2

F.3d at 1082.

**III. Analysis**

Plaintiffs seek to add additional claims against Lloyd's Defendants for breach of contract and violation of the implied duty of good faith and fair dealing. Lloyd's Defendants argue that the proposed amendment would be futile because the proposed causes of action rely on the same policy language and facts as pleaded in Plaintiffs' First Amended Complaint, and the bad faith claim does not state a claim.

Although Lloyd's Defendants assert that the amendment should not be permitted because the facts and policy language relied on are the same in the additional counts as in the counts already pleaded, they do not argue how that precludes allowing an amendment. They also fail to argue how the proposed Count IV (breach of contract) fails to state a claim or otherwise is improper. In light of the lack of any supported argument as to why proposed Count IV is impermissible, Lloyd's Defendants motion on that basis must be denied. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

Lloyd's Defendants argue that proposed Count VI (bad faith) does not state a claim, is therefore futile, and should not be added. Plaintiffs argue that the claim satisfies pleading standards for a cause of action, their allegations go beyond a mere coverage dispute, and Lloyd's Defendants will not be unduly prejudiced by the addition of Count VI.

Lloyd's Defendants argue that Indiana law does not permit a bad faith claim to be brought unless there is an "unfounded refusal to pay policy proceeds." *Monroe Guar. Ins. Co. Magweks Corp*. 829 N.E.2d 968, 977 (Ind. 2005). Lloyd's Defendants argue that Plaintiffs have acknowledged that there is a legitimate coverage dispute and therefore no bad faith claim can lie. *Skinner v. Metropolitan Life Ins. Co.*, 829 F. Supp. 2d 669, 677 (N.D. Ind. 2010). Plaintiffs argue that they have sufficiently

3

pleaded a bad faith cause of action by asserting that Lloyd's Defendants acted in bad faith by failing to tender policy limits toward a settlement, failing to indemnify Plaintiffs despite being required to do so, prejudicing Plaintiffs by leading them to believe those funds would be available to fund the settlement, and putting their own financial interests before their obligations to Plaintiffs.

Bad faith need not be pleaded with particularity. *Skinner*, 829 F. Supp. 2d at 678. Particularity will be required by the summary judgment stage, *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37 40 (Ind. 2002), but not at the pleading stage. *Skinner*, 829 F. Supp. 2d at 678. Plaintiffs have pleaded actions undertaken by Lloyd's Defendants, that if true, assert a colorable bad faith claim. This is enough at the pleading stage. *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) ("It is enough to plead a plausible claim, after which 'a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.' A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage.") (quoting *Twombly*, 550 U.S. at 563).

## IV. Conclusion

Accordingly, in the interest of justice, the Court hereby **GRANTS** Plaintiffs' Amended Motion for Leave to File Second Amended Complaint [DE 46]. The Court **ORDERS** Plaintiffs to **FILE** the Second Amended Complaint, currently on the docket as an attachment to the instant Motion, on or before **December 13, 2023**. The Court **DENIES as moot** Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 45].

SO ORDERED this 28th day of November, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record